[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11321

Non-Argument Calendar

_____

JENNIFER COOK,
for the use and benefit of United States of America,
SALLY GAITHER,
for the use and benefit of United States of America,

Plaintiffs-Appellants

*versus*

INTEGRATED BEHAVIORAL HEALTH, INC.,
SANJAY MALHOTRA,
UNITY PSYCHIATRIC CARE,
ATHENS-LIMESTONE HEALTH SERVICES LLC,
VALLEY VIEW HEALTH AND REHABILITATION LLC, et al.,

2                    Opinion of the Court                    23-11321

Defendants-Appellees,

AMERICAN HEALTH PARTNERS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-00877-RDP

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Relators Jennifer Cook and Sally Gaither filed a *qui tam* action asserting claims under the False Claims Act (FCA) against twenty-three defendants. The district court granted several defendants' motion for a more definitive statement because Relators' first amended complaint was a shotgun pleading.[1] The district court identified the issues with Relators' first amended complaint and gave Relators an opportunity to file a second amended complaint.

_____

[1] Relators filed their initial complaint in June 2020. Relators filed their first amended complaint in May 2021, after the United States declined to intervene.

The Relators thereafter filed their second amended complaint, and several defendants moved to dismiss, arguing (1) that the second amended complaint remained a prohibited shotgun pleading, and (2) Relators failed to satisfy Rule 9(b)'s heightened pleading requirements sufficient to state a claim under the FCA. The district court granted the motion, rendering all claims to be dismissed against all defendants. Relators filed a timely notice of appeal.

The district court did not err when it dismissed the second amended complaint as a shotgun pleading. When a complaint contains multiple counts, and "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," it fails to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). This court condemns shotgun pleadings and has "repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The second amended complaint—Relators' third attempt to plead their claims—contains 212 paragraphs incorporated into four counts which are repetitive, conclusory, and devoid of operative fact. The district court aptly noted that the second amended complaint did not cure the deficiencies of the first, and the second amended complaint still required the defendants to guess what

4                    Opinion of the Court                    23-11321

conduct the counts are referring to. Therefore, the district court properly dismissed the claim as a prohibited shotgun pleading.[2]

**AFFIRMED.**

---

[2] We note that the district court's alternative reason for dismissal—a finding that the second amended complaint did not satisfy Federal Rule of Civil Procedure 9(b) and therefore failed to adequately plead FCA violations—was also proper.